UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| TENNIE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-12488-DML-MJH |
| | ) | Magistrate Judge Michael J. Hluchaniuk |
| v. | ) | Hon. District Judge Nancy G. Edmunds |
| | ) | *REQUEST FOR ORAL ARGUMENT* |
| G. REYNOLDS SIMS & ASSOC., P.C., | ) | |
| Defendant. | ) | |
| _____/ | | |

## DEFENDANT'S EMERGENCY MOTION TO STAY DISCOVERY PENDING DISPOSITION OF MOTION FOR SUMMARY JUDGMENT TO ENFORCE THE ARBITRATION CLAUSE AND REQUEST FOR IMMEDIATE HEARING

Defendant G. Reynolds Sims & Associates, P.C. ("GRS"), through its attorneys G. Reynolds Sims & Associates, P.C., moves pursuant to Fed. R. Civ. P. 26 to stay discovery pending the resolution of Defendant's *Motion for Summary Judgment to Enforce the Arbitration Clause* (the "Rule 56 motion") filed concurrently with this motion.

As outlined in the accompanying brief, GRS requests that all discovery be stayed in this case in order to allow this Court sufficient time to adjudicate defendant's Rule 56 motion. Counsel for defendant contacted plaintiff's counsel in an effort to obtain a stipulation to stay discovery. However, plaintiff's counsel would not agree to a stipulation.  Accordingly, defendant is requesting that this motion for stay be scheduled for an immediate hearing.

WHEREFORE, Defendant requests that this Court:

a) hear this motion on November 1, 2012 at the scheduled status conference in order to avoid the potentially unnecessary cost associated responding to Plaintiff's discovery requests; and

b) grant this motion for stay of discovery pending resolution of the Rule 56 motion holding

1

in abeyance all discovery.

**Dated: October 24, 2012**                          **Respectfully submitted,**

                                                    **s/ Jason R. Sims**

                                                    _____
                                                    JASON R. SIMS (P66048)
                                                    G. REYNOLDS SIMS (P23255)
                                                    G. REYNOLDS SIMS & ASSOCIATES, P.C
                                                    Attorneys for Plaintiff
                                                    2075 W. Big Beaver Road, STE 200
                                                    Troy, MI   48084

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| TENNIE GREEN, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:12-cv-12488-DML-MJH |
| | ) | Magistrate Judge Michael J. Hluchaniuk |
|     v. | ) | Hon. District Judge Nancy G. Edmunds |
| | ) | *REQUEST FOR ORAL ARGUMENT* |
| G. REYNOLDS SIMS & ASSOC., P.C., | ) | |
|     Defendant. | ) | |
| _____/ | | |

**DEFENDANT'S BRIEF IN SUPPORT OF EMERGENCY MOTION TO
STAY DISCOVERY PENDING DISPOSITION OF
<u>MOTION FOR SUMMARY DISPOSITION</u>**

## CONCISE STATEMENT OF ISSUES PRESENTED

Should discovery be stayed while the Court resolves Defendant's Motion for Summary

Judgment to Enforce the Arbitration Clause?

DEFENDANT SAYS "YES."

## STATEMENT OF CONTROLLING LEGAL AUTHORITY

Fed. R. Civ. P. 26

## I.    INTRODUCTION

Defendant has filed a motion for summary disposition to enforce a binding arbitration clause.  That motion, if granted, will render unnecessary the currently pending discovery in this matter.  A stay in discovery will allow the parties to avoid the expenditure of time and money associated with discovery.  If the motion is not granted, discovery will resume with only a brief delay in the case.  There is no harm to Plaintiff from such a stay, and a significant benefit in cost savings to both parties from such a stay. Defendant has indicated its intent to elect arbitration in its answer, affirmative defenses, and the joint status report submitted by the parties.

Defendant has also requested that this motion be scheduled for an immediate hearing on November 1, 2012 – the date and time currently scheduled for the parties' status conference - because plaintiff has served requests for admission, interrogatories, and production of documents on Defendant and Defendant's responses to Plaintiff's discovery requests are due on November 5, 2012, all of which will be unnecessary should the Rule 56 motion be granted.

## II.    BACKGROUND

1.       On June 7, 2012, Plaintiff Tennie Green ("Green") filed a complaint against GRS claiming violations of the Fair Debt Collection Practice Act ("FDCPA").

2.       On July 3, 2012, defendant GRS answered the complaint.  In both its answer and in its affirmative defenses, GRS states, in part, that plaintiff's complaint is subject to elective mandatory arbitration clause.

3.       On or around October 5, 2012, plaintiff sent defendant its first request for admissions and first set of interrogatories and requests for production, containing 88 admissions, 59 interrogatories, inclusive of all subparts, and 26 requests for production.

1

4.      A status conference is currently scheduled for November 1, 2012 at 2:00 pm before Judge Nancy G. Edmunds.

5.      Filed contemporaneously with this motion for stay is defendant's Rule 56 motion.

## I.      Argument

### A.  Legal Standard

The authority of a federal court to stay proceedings is well established.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254-255 (1936).  One of these powers is the Court's "broad discretion in matters relating to discovery."  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  "Additionally, Fed.R.Civ.P. 26(c)(1) provides that a district court may, for good cause, 'issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense specifying terms, including time and place, for the disclosure or discovery.'"  *JPMorgan Chase Bank, N.A. v. SDE Business Partnering, LLC*, 2011 WL 4527799 at *4 (E.D.Mich, Sept. 29, 2011).

Thus, courts can exercise their discretion to stay discovery after the filing of a dispositive motion.  *Williams v. Scottrade, Inc.*, 2006 WL 172224 (E.D.Mich.2006) *citing Chavous v. Dist. Of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2(D.D.C. 2001)(entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.)

As the Court in *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336-337 (N.D.Ill. 2005) stated:

> Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted.

. . . such stays are granted with substantial frequency.  *Gilbert v. Ferry*, 401 F. 3d 411 (6th Cir. 2005); *Institut Pasteur v. Chiron*, 315 F.Supp.2d 33, 37 (D.D.C.2004)("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (citations omitted.)

* * *

Stays are often deemed appropriate where the motion to dismiss can resolve the case-at least as to the moving party.  *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir.1999)(citations omitted).

And, such a stay of discovery, which is "granted with substantial frequency," is appropriate here.

## B.  The Court Has Discretion To Stay Discovery

A stay of this proceeding is well within the Court's authority and is particularly appropriate given that the Rule 56 motion filed by Defendant, which requests that this Court compel the Parties to Arbitration, could resolve the case and discovery will not produce facts that could defeat that motion.  There are no facts that could be discovered that will change the fact that: 1) this action arises out of a state court collection action between GRS's client and Green based on Green's default on her payment obligations under her credit card agreement with the original Creditor Bank of America; 2) the Bank of America credit card Agreement contains an elective, binding arbitration clause; 3) Plaintiff's compliant is premised on GRS's collection actions arising out of Green's unpaid Bank of America credit card which was assigned to GRS's client, CACH, LLC ("CACH") and, as a result, Plaintiff's complaint is within the scope of the arbitration clause; 4) GRS, as the attorney-agent of CACH - the assignee/purchaser of Green's charged-off Bank of America card – is a covered party under the arbitration clause; and 5) the express terms of the arbitration agreement direct that all claims relating to Green's account, including claims regarding the application, enforceability, or interpretation of the Agreement and Arbitration Clause are subject to arbitration. Any facts that Plaintiff might discover will not change these facts which clearly demonstrate that GRS is entitled to a judgment on the pleadings.

3

Accordingly, a stay of discovery in this proceeding will allow for the efficient adjudication of the Rule 56 motion and will prevent undue burden or expense without prejudicing plaintiff.

Further, if GRS's Rule 56 motion is granted, there would be no need for discovery as the parties will be compelled to submit this dispute to arbitration. Thus requiring the parties to engage in discovery during the pendency of the Rule 56 motion and to further require this Court to address plaintiff's motion to compel, would be a waste of the parties' and the Court's resources when the issues may be mooted by the Court's disposition of the Rule 56 motion. Under these circumstances, therefore, the Court should stay all discovery (including a resolution of the motion to compel) until it has had an opportunity to rule on the pending Rule 56 motion.

## II.     Conclusion

For the efficient adjudication of the Rule 56 motion and to avoid undue burden or expense, GRS respectfully requests that the Court grant its motion to stay discovery pending disposition of the Rule 56 motion. Because responses to Plaintiff's discovery requests are due on November 5, 2012, GRS respectfully requests that this motion be immediately scheduled for hearing on November 1, 2012 – the date and time currently set for the status conference.

Dated: October 24, 2012          Respectfully submitted,
                                 s/ Jason R. Sims_____
                                 JASON R. SIMS (P66048)
                                 G. REYNOLDS SIMS (P23255)
                                 G. REYNOLDS SIMS & ASSOCIATES, P.C
                                 Attorneys for Plaintiff
                                 2075 W. Big Beaver Road, STE 200
                                 Troy, MI  48084

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| TENNIE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-12488-DML-MJH |
| | ) | **Magistrate Judge Michael J. Hluchaniuk** |
| v. | ) | **Hon. District Judge Nancy G. Edmunds** |
| | ) | *REQUEST FOR ORAL ARGUMENT* |
| G. REYNOLDS SIMS & ASSOC., P.C., | ) | |
| Defendant. | ) | |
| _____/ | | |

## NOTICE OF FILING

**To:**

| | |
|---|---|
| **David M. Marco** | **Jason R. Sims** |
| Larry P. Smith & Assoc., LTD | G. Reynolds Sims Assoc., P.C. |
| 205 N. Michigan Avenue., Suite 2940 | 2075 W. Big Beaver Road, Suite 200 |
| Chicago, IL 60601 | Troy, MI 48084 |
| Tel: 312-546-6539 | Tel: 248-643-4440 |
| Fax: 888-418-1277 | Fax: 248-643-4441 |
| Email: dmarco@smithlaw.us | Email: jrsims@grsims.com |

PLEASE TAKE NOTICE THAT ON **October 25, 2012**, there was filed in the United States District Court for the Eastern District of Michigan, **Defendant's Emergency Motion to Stay Discovery Pending the Outcome of Defendant's Motion for Summary Judgment to Compel Arbitration**, a copy of which is attached hereto and hereby served upon you.

Dated:  October 25, 2012         By    *s/ Jason R. Sims*_____

G. Reynolds Sims Assoc., P.C.
2075 W. Big Beaver Road, Suite 200
Troy, MI 48084
Tel: 248-643-4440
Fax: 248-643-4441
Email: jrsims@grsims.com

5

## CERTIFICATE OF SERVICE

I, Jason R. Sims, certify that on **October 25, 2012**, I caused to be served a copy of **Defendant's Emergency Motion to Stay Discovery Pending the Outcome of Defendant's Motion for Summary Judgment to Compel Arbitration**, upon the above named individual(s) electronically via the Case Management/Electronic Case Filing system ("ECF").

Dated:  October 25, 2012                 By     *s/ Jason R. Sims*_____
                                                G. Reynolds Sims Assoc., P.C.
                                                2075 W. Big Beaver Road, Suite 200
                                                Troy, MI 48084
                                                Tel: 248-643-4440
                                                Fax: 248-643-4441
                                                Email: jrsims@grsims.com